UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:  MAXIM INTEGRATED PRODUCTS, INC., MDL NO. 2354 | ) ) ) ) | Master Docket Misc. No. 12-244 MDL No. 2354 Civ. 12-945 |
| This Document Relates to All Actions | ) | CONTI, District Judge |

**SPECIAL MASTER'S REPORT AND RECOMMENDATION
RE:  MOTION TO COMPEL DOC. 618**

I.   <u>Report and Recommendation</u>

On July 17, 2013, Maxim filed a Second Motion to Compel Branch Banking and Trust Company (BB&T) to respond to certain discovery requests (Doc. 618)  BB&T filed its response on July 31, 2013, under seal.  After reviewing the response, the parties were asked to conduct an additional meet and confer to determine if any matters raised in the motion and the response could be resolved.  The parties notified the Special Master via email on August 7, 2013, that they conducted the additional meet and confer and resolved the issues raised in the motion.

The parties reached the following agreement:  (1) the motion to compel should be dismissed as moot; and, (2) the Special Master should issue a Report and Recommendation adopting the stipulations reached by the parties.

The parties supplied the following stipulations:

**<u>Disputes Regarding Source Code and Post-Complaint Information</u>**

1. Without waiver of BB&T's written objections to Maxim's discovery requests, BB&T agrees to produce its proprietary source code (and conduct a reasonable search for additional technical documentation) for all extant versions of the BB&T Mobile App and mobile website which have been released or otherwise made available to perform financial transactions on a mobile device. Consistent with Fed. R. Civ. P. 26(e), BB&T also agrees to timely supplement its production with respect to any such new versions or releases of the BB&T Mobile App and mobile website that are not materially different than those previously produced. BB&T reserves all rights with respect to any new versions, releases, or applications that BB&T contends have materially different functionality than the accused instrumentalities. BB&T agrees however to supplement its response to Interrogatory No. 1 to identify any such new versions, releases, or applications.

2. As to "backend" systems, BB&T further agrees to produce source code and documentation for its proprietary server interface to the accused Mobile App and mobile website. BB&T however makes no representations as to the relevancy of such server interface to Maxim's Counterclaims in this case. Conversely, Maxim reserves all rights to revisit the scope of "backend" discovery upon review of BB&T's production.

3. BB&T agrees to supplement its Rule 26(a)(1) disclosures and/or discovery responses (*e.g.*, Interrogatory No. 3) to identify any additional third parties that may have information relating to the "backend" systems identified in Maxim's infringement contentions.

4. BB&T agrees to provide the foregoing discovery in respect of items 1-3 above without regard to whether the information came into existence after the date of BB&T's complaint.

**<u>Disputes Regarding Nonobviousness Factors</u>**

1. Without waiver of its written objections to Maxim's RFPs, BB&T agrees to conduct a reasonable search for and, to the extent any exists, produce non-financial information responsive to the following document requests: RFP Nos. 9, 21, and 23.

2. BB&T also agrees to conduct a reasonable search for and, to the extent any exists, produce documentation that sets forth the information about versions, downloads, and usage provided in BB&T's second supplemental response to Interrogatory No. 1.

3. Consistent with the May 20, 2013 Order adopting the Special Master's April 3, 2013 Report and Recommendation Re: Damages Discovery (ECF No. 535), the parties agree as follows: BB&T will not produce financial or damages-related information corresponding to Maxim's RFP Nos. 10, 12, 15, 17, or 22 until damages discovery formally opens, except that BB&T agrees to investigate whether any responsive information is readily available in summary form and will produce such summary information as exists or can be generated without undue burden. Further, and without waiver of its written objections to Maxim's RFPs, BB&T agrees to conduct a reasonable search for and produce non-financial information responsive to RFP Nos. 10, 12, 15, 17, or 22 to the extent that any such information exists and contains the following subject matter listed in Maxim's motion (ECF 618 at 4):

   (i)   Documents reflecting BB&T's assessments of the market for mobile banking and the need to become and remain competitive in that market;

   (ii)  Documents discussing limitations of previous remote banking solutions such as via the world wide web, telephone, or SMS;

   (iii) Documents reflecting skepticism regarding the value or viability of mobile banking;

   (iv)  Documents discussing the importance of security and encryption for mobile banking; or

   (v)   Documents discussing demand for mobile banking apps and secure mobile websites by BB&T's customers.

**II.     Conclusion**

The parties have reached a mutually acceptable resolution to the motion to compel. It is therefore recommended that the Court enter an Order dismissing Maxim's Motion to Compel (Doc. 618) as moot. It is further recommended that the Court enter an Order adopting the Stipulations of the Parties set forth herein.

Respectfully submitted,

*/s/ Tina O. Miller*
Tina O. Miller, Esquire
Special Master
Pa. I.D. No.:  71101

Suite 200
436 Seventh Avenue
Pittsburgh, PA  15219
(412) 894-1380
(412) 391-1381 – facsimile
tmiller@farrellreisinger.com