Tina Miller, Esq.  August 30, 2013
Special Master
Civil Action No. 2:12-cv-881-JFC and Misc. No. 12-244, MDL No. 2354

**Re:   Joint Stipulation Respecting Maxim's Motion to Compel**

The parties have conferred in accordance with the Special Master's guidance in the August 20, 2013, teleconference, and reached a proposed agreed Report and Recommendation to resolve the disputes set forth in Maxim's Motion to Compel (Misc. No. 12-244, Dkt. No. 646).

Consistent with the May 20, 2013 Order adopting the Special Master's April 3, 2013 Report and Recommendation Re: Damages Discovery (ECF No. 535), the parties agree as follows.  Maxim and Groupon and agree and respectfully request that Maxim's pending motion be resolved by entry by the Special Master of a Report and Recommendation adopting the below listed discovery stipulations:

1. Without waiver of its written objections to Maxim's RFPs, Groupon agrees to conduct a reasonable search for and, to the extent any exists, produce the following information relating to objective indicia of non-obviousness that are responsive to RFP Nos. 9, 10, 12, 17, 21, 22, and 23:

   - documents sufficient to show the cost savings to Groupon associated with its mobile apps and secure mobile website;
   - documents sufficient to show demand for mobile apps and secure mobile websites by Groupon's end-users;
   - documents sufficient to show revenue associated with services provided via Groupon's mobile apps and secure mobile website;
   - documents sufficient to show the rate of customer adoption of Groupon's mobile apps and website, including number of downloads and number of transactions;
   - documents sufficient to show Groupon's assessments of the market for mobile coupon transactions and the need to become and remain competitive in that market;
   - documents sufficient to show limitations of alternative remote transaction solutions;
   - documents sufficient to show skepticism regarding the value of viability of mobile secure transactions; and
   - documents sufficient to show the importance of security and encryption for mobile secure transactions.

2. In so agreeing, Groupon is not representing that it will depart from the provisions of the e-discovery order governing e-mail discovery in this case.  The parties understand that (1) email production obligations are limited to the process specified in the e-discovery order, but (2) non-email electronic documents are not subject to that order.  Accordingly and for example, responsive electronic documents stored in institutional document repositories (*e.g.*, shared drives and Wikis) will be a part of Groupon's reasonable investigation in relation to this stipulation, as will individual work machines (*e.g.*, work computer or laptop) of Groupon personnel who are likely to have responsive documents.

3. Groupon agrees to supplement is responses to RFP Nos. 9, 10, 12, 17, 21, 22, and 23 to accurately reflect its agreement to search for and produce these documents to the extent they exist. Maxim acknowledges it received supplemental responses from Groupon on Friday, August 23, 2013

4. Groupon agrees that it will be substantially complete with its investigation and production with respect to these categories no later than Friday, September 27, 2013.

In view of the foregoing, Maxim and Groupon respectfully request that the Special Master issue a Report and Recommendation adopting the parties' agreements and discovery stipulations set forth above.

Dated: August 30, 2013

 /s/  *Stefani C. Smith*
Matthew D. Powers (*pro hac vice*)
Steven S. Cherensky (*pro hac vice*)
Paul T. Ehrlich (*pro hac vice*)
William P. Nelson (*pro hac vice*)
Aaron M. Nathan (*pro hac vice*)
Stefani C. Smith (*pro hac vice*)
Sam Y. Kim (*pro hac vice*)
Robert L. Gerrity (*pro hac vice*)
Palani P. Rathinasamy (*pro hac vice*)
TENSEGRITY LAW GROUP LLP
555 Twin Dolphin Drive, Suite 360
Redwood Shores, CA 94065
Phone:  (650) 802-6000
Fax:  (650) 802-6001
Email:
matthew.powers@tensegritylawgroup.com
steven.cherensky@tensegritylawgroup.com
paul.ehrlich@tensegritylawgroup.com
william.nelson@tensegritylawgroup.com
aaron.nathan@tensegritylawgroup.com
stefani.smith@tensegritylawgroup.com
sam.kim@tensegritylawgroup.com
robert.gerrity@tensegritylawgroup.com
palani@tensegritylawgroup.com

Leland P. Schermer, Esquire
Pa. ID No. 47283
Bryan A. Loose, Esquire
Pa. ID No. 201385
LELAND SCHERMER & ASSOCIATES, PC
Henry W. Oliver Building

 /s/  *Christopher D. Mays*
James C. Yoon (*pro hac vice*)
jyoon@wsgr.com
Ryan R. Smith (*pro hac vice*)
rsmith@wsgr.com
Christopher D. Mays (*pro hac vice*)
cmays@wsgr.com

WILSON SONSINI GOODRICH & ROSATI PC
650 Page Mill Road
Palo Alto, California 94304-1050
Telephone: 650-493-9300
Facsimile: 650-493-6811

*Attorneys for Groupon, Inc.*

535 Smithfield Street, Third Floor
Pittsburgh, PA 15222
Phone:  (412) 642-5000
Fax:  (412) 642-5010
Email:
lschermer@schermerlaw.com
bloose@schermerlaw.com

James C. Otteson (*pro hac vice*)
Phillip W. Marsh (*pro hac vice*)
Michael D.K. Nguyen (*pro hac vice*)
AGILITY IP LAW LLP
149 Commonwealth Drive
Menlo Park, CA 94065
Phone:  (650) 227-4800
Email:
jim@agilityiplaw.com
phil@agilityiplaw.com
mnguyen@agilityiplaw.com

Michael North (*pro hac vice*)
NORTH WEBER & BAUGH LLP
2479 E. Bayshore Road, Suite 707
Palo Alto, CA 94303
Email:  mnorth@northweber.com

*Attorneys for*
*Maxim Integrated Products, Inc.*