# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: MAXIM INTEGRATED PRODUCTS, INC., MDL NO. 2354 ) ) ) ) This Document Relates to All Actions ) | Master Docket Misc. No. 12-244 MDL No. 2354 Civ. 12-881 CONTI, District Judge |

## SPECIAL MASTER'S REPORT AND RECOMMENDATION
## RE: MOTION TO COMPEL DOC. 646

**I.     Report and Recommendation**

On August 16, 2013, Maxim filed, at Doc. No. 646, a Motion to Compel Groupon to Provide Discovery Responses Regarding Objective Evidence of Nonobviousness (also filed at Civ. No. 12-881 at Doc. 56)  A conference call with counsel for Maxim, Groupon and the Special Master was held on August 20, 2013.  During the conference, the parties agreed to conduct an additional meet and confer to determine if the issues raised in the Motion could be resolved.  On August 23, 2013, counsel informed the Special Master than an additional meet and confer had been conducted and the parties reached an agreement on the issues raised in the Motion to Compel.  The parties provided the Special Master with a joint stipulation that memorializes their agreement.  (Doc. 658)

Maxim and Groupon agreed: (1) the motion to compel should be dismissed as moot; and, (2) the Special Master should issue a Report and Recommendation adopting the stipulations reached by the parties.

The parties supplied the following stipulations:

1. Without waiver of its written objections to Maxim's RFPs, Groupon agrees to conduct a reasonable search for and, to the extent any exists, produce the following information relating to objective indicia of non-obviousness that are responsive to RFP Nos. 9, 10, 12, 17, 21, 22, and 23:

   - documents sufficient to show the cost savings to Groupon associated with its mobile apps and secure mobile website;

   - documents sufficient to show demand for mobile apps and secure mobile websites by Groupon's end-users;

   - documents sufficient to show revenue associated with services provided via Groupon's mobile apps and secure mobile website;

   - documents sufficient to show the rate of customer adoption of Groupon's mobile apps and website, including number of downloads and number of transactions;

   - documents sufficient to show Groupon's assessments of the market for mobile coupon transactions and the need to become and remain competitive in that market;

   - documents sufficient to show limitations of alternative remote transaction solutions;

   - documents sufficient to show skepticism regarding the value of viability of mobile secure transactions; and

   - documents sufficient to show the importance of security and encryption for mobile secure transactions.

2. In so agreeing, Groupon is not representing that it will depart from the provisions of the e-discovery order governing e-mail discovery in this case. The parties understand that (1) email production obligations are

limited to the process specified in the e-discovery order, but (2) non-email electronic documents are not subject to that order. Accordingly and for example, responsive electronic documents stored in institutional document repositories (*e.g.*, shared drives and Wikis) will be a part of Groupon's reasonable investigation in relation to this stipulation, as will individual work machines (*e.g.*, work computer or laptop) of Groupon personnel who are likely to have responsive documents

3. Groupon agrees to supplement is responses to RFP Nos. 9, 10, 12, 17, 21, 22, and 23 to accurately reflect its agreement to search for and produce these documents to the extent they exist. Maxim acknowledges it received supplemental responses from Groupon on Friday, August 23, 2013

4. Groupon agrees that it will be substantially complete with its investigation and production with respect to these categories no later than Friday, September 27, 2013

## II. Conclusion

The parties have reached a mutually acceptable and reasonable resolution to the motion to compel.  It is therefore recommended that the Court enter an Order dismissing Maxim's Motion to Compel (Doc. 646) as moot.  It is further recommended that the Court enter an Order adopting the Stipulations of the Parties set forth herein.

Respectfully submitted,

*/s/ Tina O. Miller*
Tina O. Miller, Esquire
Special Master
Pa. I.D. No.:  71101

Suite 200
436 Seventh Avenue
Pittsburgh, PA  15219
(412) 894-1380
(412) 391-1381 – facsimile
tmiller@farrellreisinger.com