# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: MAXIM INTEGRATED PRODUCTS, INC. MDL No. 2354 | Master Docket: Misc. No. 12-244<br>MDL No. 2354 |
| This Document Relates to: All Actions | |

## MEMORANDUM OPINION

Only two Opposing Parties (collectively, the "OPs") have not settled their claims with Maxim Integrated Products, Inc. ("Maxim") in this patent infringement MDL: JPMorgan Chase ("Chase") (No. 12-1641), and Branch Banking and Trust Company ("BB&T") (No. 12-945). These parties exchanged expert reports, and are awaiting instructions from this court with respect to further scheduling of this case. For the reasons that follow, expert witness depositions shall be completed by December 31, 2014, and the parties shall appear before the court for a scheduling conference on January 14, 2015 at 4:45 p.m. At this juncture, this case will not be stayed in favor of proceedings at the Patent and Trademark Office ("PTO"), or disposition of the OPs' premature motion for summary judgment.

1. **Stay in Favor of CBM Review**

Chase notified this court on September 3, 2014, that it refiled its petitions for covered business method review ("CBM Review") with the PTO's Trial and Appeal Board ("PTAB") on August 21, 2014. (ECF No. 898, 899.) In that filing, Chase asked this court to stay all further proceedings in this case until CBM Review was concluded at the PTO. (Id.) The OPs previously sought the same relief when a first round of CBM Review petitions was filed approximately one year ago. (ECF No. 777.) The other remaining OP, BB&T, joined Chase's

renewed request to stay this litigation, even though BB&T had not itself refiled its CBM Review petitions.[1] (ECF No. 913.)

When the OPs first moved to stay this case in favor of CBM Review, this court deferred ruling on the motion until after the PTAB decided whether it would institute CBM Review. (4/2/14 Minute Entry). The PTAB did not institute CBM Review and this case was not stayed at that time. (ECF No. 797, 852.) Since the time that this court considered the original motion to stay, the Court of Appeals for the Federal Circuit issued a published and precedential opinion on July 10, 2014, finding no error in a district court's decision to defer ruling on a motion to stay until after an institution decision was made at the PTO:

> We note at the outset that it was not error for the district court to wait until the PTAB made its decision to institute CBM review before it ruled on the motion.
> …
> [W]e see no error in the district court's decision to rule on the stay motion after the PTAB rendered its decision on the CBM petition. Furthermore, a district court is not obligated to "freeze" its proceedings between the date that the motion to stay is filed and the date that the PTAB decides on the CBM petition.

VirtualAgility, Inc. v. Salesforce.com, 759 F.3d 1307, 1315-16 (Fed. Cir. 2014); see Benefit Funding Systems LLC v. Advance America Cash Advance Centers Inc., 767 F.3d 1383 (Fed. Cir. 2014) (noting, without objection to the procedure, that the district court denied the motion to stay that was filed before the PTAB issued its institution decision, and reconsidered the matter after the PTAB decided to institute CBM Review). The OPs, in their supplemental briefing, identify no reason why this court should deviate from the prior practice of deferring a ruling on the motion to stay until after this court knows whether the PTAB will institute CBM

---

[1] The PTAB refused to institute BB&T's previously-filed CBM Review petitions because BB&T was a declaratory judgment plaintiff in this MDL, but did not file its petition within one year. 35 U.S.C. § 325(a)(1); (ECF Nos. 791, 797.)

2

Review, which practice the Court of Appeals for the Federal Circuit has now explicitly approved. The court will decline to issue a decision with respect to the OPs' renewed motion to stay until after the PTAB issues its institution decision.

Chase is directed to notify this court within seven days of receiving the PTAB's institution decision.

### 2. Stay in Favor of Summary Judgment

The OPs also seek to defer any further expert witness activity, such as depositions and <u>Daubert</u> proceedings, until after this court rules upon their motion for summary judgment on the issue of patent exhaustion. (ECF No. 941.) As an initial matter, the court did not set a schedule for the filing of dispositive motions, and notified the parties that such a deadline would be set after <u>Daubert</u> proceedings were concluded. (ECF No. 749.) The remaining OPs nevertheless filed a motion for summary judgment before the then-applicable deadline for the completion of expert witness depositions had passed, (ECF No. 926), and thereafter asked this court to halt all further proceedings until that motion was decided, (ECF No. 941). The OPs' unilateral decision to file a motion for summary judgment before the time set for filing such motions, and then to argue, based upon that filing, that this case should essentially be stayed pending resolution of that motion is not favored by the court.

Looking at the merits of the OPs' requested relief, the OPs assert that the motion is case dispositive, and can be decided without the need for expert witness depositions. (ECF No. 941 at 2.) Maxim disagrees, pointing out that the OPs themselves proffered four expert witness reports on the issue of patent exhaustion, which opinions Maxim should be permitted to test before opposing a motion for judgment as a matter of law on the issue. (ECF No. 957 at 3-4.)

Based upon the parties' submissions, it is plausible that expert witness opinions and testimony will be relevant to the motion for summary judgment. The court discerns no reason to defer expert depositions, which were scheduled for completion by October 31, 2014, after several extensions, until a summary judgment motion is decided that may, or may not, require reference to expert opinions. The reports and opinions are, at this time, fresh in the minds of the experts, and counsel. The experts and counsel should have been prepared to have the depositions completed by now. There is no just reason for delay.

Expert depositions should immediately proceed, and be completed no later than December 31, 2014. In setting this deadline, the court notes that additional time was added to the deposition period at the outset due to the upcoming holidays. The deadline will not be further extended without a substantial and particularized showing of good cause. All counsel shall appear before the court on January 14, 2015 at 4:45 p.m. for a conference, at which time the court will further schedule this matter.

The filing of the motion for summary judgment, ECF No. 926, is premature in light of the need to conduct expert discovery. The motion will be denied without prejudice. The court will set the schedule for the filing of summary judgment motions at the conference to be held on January 14, 2015.

An appropriate order will be entered.


Dated: November 10, 2014                    BY THE COURT,


                                            /s/ *Joy Flowers Conti*
                                            Joy Flowers Conti
                                            Chief United States District Judge